UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
BRIAN BRODHEAD,

                Plaintiff,

   -v.-                                       9:06-CV-1066
                                               (LEK/DEP)
TEABOUT, *Assistant Superintendent;*
*et al.*,

                Defendants.[1]
-------------------------------------------------------
APPEARANCES:

BRIAN BRODHEAD
98-A-3407
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **ORDER**

The Clerk has sent to the Court a Motion to Certify a Class filed by Brian Brodhead ("Plaintiff" or "Brodhead"). Plntf's Motion (Dkt. No. 5).

### **I. Background**

In his *pro se* Complaint, Plaintiff alleged that the Defendants were deliberately indifferent to his health and safety, and held him in conditions that violated his Eighth Amendment rights. See Complaint (Dkt. No. 1). Plaintiff's Complaint was ordered served by this Court in an Order filed September 28, 2006. September 2006 Order (Dkt. No. 4). The September 2006 Order also advised Plaintiff of the showing that must

---

[1] The Docket contains an error in the listings of Plaintiffs and Defendants. Terminated Plaintiffs Muhammad and Daniels are incorrectly listed as Defendants in this action. However, Plaintiff Brodhead has stated that they are seeking to be Plaintiffs. See Complaint (Dkt. No. 1); Plntf's Letter in Support (Dkt. No. 9). Therefore, this Court has corrected the caption above to reflect the proper Defendants, and the Clerk of the Court is hereby directed to correct the Docket Sheet - although Muhammad and Daniels are to remain as "Terminated" Plaintiffs in this action.

be made to certify a class, and that a *pro se* Plaintiff cannot represent a class. Id. at 1-3. Accordingly, Plaintiff was advised that "...until Plaintiff retains counsel, and counsel enters an appearance and brings a formal motion seeking class certification, Plaintiff is advised that **this action shall be considered only as an action brought on his behalf**. Any of the other individuals Plaintiff attempts to name in the Complaint may file their own individual actions." Id. at 3 (emphasis in original).

## II. Motion for Class Certification

Plaintiff filed his Motion for Certification of a Class Action on October 16, 2006. See Plntf's Motion (Dkt. No. 5). However, the Motion does not contain any of the information required for this Court to consider certification of a class.[2] Thereafter, on November 9, 2006, Plaintiff filed a letter in support of his Motion, providing the names of fourteen individuals that Plaintiff claims seek to be part of the class. See Plntf's Letter in Support (Dkt. No. 9). Like the original Motion, the letter in support of the Motion fails to provide the Court with the information necessary to consider certification of a class. Finally, even if the Motion did contain such information, Plaintiff has been advised that

---

[2] The September 2006 Order advised Plaintiff that "[t]he party seeking to certify a class bears the burden of establishing the prerequisites of Federal Rule of Civil Procedure 23.... 'A court may certify a class action only if it is "satisfied, after a rigorous analysis," that the rule's prerequisites have been established.'... In accordance with Rule 23, one or more members of a class may sue as representative parties on behalf of all similarly situated individuals only if '(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.'... All four of these requirements must be satisfied for a court to properly certify a proceeding as a class action." September 2006 Order (Dkt. No. 4) at 1-2 (citing, *inter alia*, Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir.1999), cert. denied sub nom., Metro-North Commuter R.R. v. Norris, 529 U.S. 1107 (2000); In re VISA Check/Mastermoney Antitrust Litig., 192 F.R.D. 68, 78 - 79 (E.D.N.Y. 2000); Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993)).

he may not maintain a class action without an attorney representing the class.[3] Accordingly, Plaintiff's Motion must be denied.

### III. Conclusion

WHEREFORE, it is hereby

**ORDERED**, that Plaintiff's Motion to Certify a Class (Dkt No. 5), and Letter in Support (Dkt. No. 9) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is hereby directed to **correct the Docket Sheet** so that it reflects the proper listing of Defendants and Plaintiffs - although **Muhammad and Daniels are to remain as "Terminated" Plaintiffs in this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED**.

DATED:   December 19, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3] Although Plaintiff Brodhead's Letter in Support (Dkt. No. 9) states that he was awaiting the Court's determination of the Motion for appointment of counsel (Dkt. No. 6), Magistrate Judge Peebles denied that Motion in an Order filed November 8, 2006 (Dkt. No. 7).  Plaintiff's Letter in Support was filed November 9, 2006 (Dkt. No. 9).  The Court suspects that the two filings "crossed in the mail."  But, in any event, Judge Peebles' denial of the Motion to appoint counsel means that Plaintiff Brodhead remains a *pro se* litigant, and as such is unable to obtain class action certification for his action.  See September 2006 Order (Dkt. No. 4).